Application of the OKLAHOMA EDUCATIONAL TELEVISION AUTHORITY for the Approval of Oklahoma Educational Television Authority Revenue Bond in the Principal Sum of $360,000.

No. 50329.

Supreme Court of Oklahoma.

Dec. 7, 1976.

Fagin, Brown, Bush, Selvidge & Tinney by Gary M. Bush, Oklahoma City, for applicant, Oklahoma Educational Television Authority.

BARNES, Justice:

This is an original action in the form of an Application for the approval of a $360,000 bond proposed to be issued by the Oklahoma Educational Television Authority, herein referred to as "Authority", pursuant to the provisions of House Bill No. 1033, enacted by the Oklahoma Legislature in 1953, 70 O.S.A., §§ 2141–2165, later recodified as 70 O.S.1971, §§ 23–101–23–124, creating the Oklahoma Educational Television Authority, and which enactment will be referred to as the "Act".

By the Act, the Authority is designated a body corporate and politic which may sue and be sued in its own name. The Authority was created as an instrumentality of the State for the purpose of making educational television services available to all Oklahoma citizens on a coordinated statewide basis. Under 70 O.S.1971, § 23–101, the Authority is authorized " * * * to plan, construct, repair, maintain and operate educational television facilities with channels assigned by the Federal Commu-

nications Commission to the State of Oklahoma for educational television purposes. * * *"

Authority is further authorized to issue revenue bonds payable solely from dedicated revenues to pay the cost of providing educational television facilities as authorized by the Act. Section 23–101, supra, provides that bonds issued by the Authority " * * * shall never become obligations of the State of Oklahoma, but shall be retired by the Authority as provided in this article * * *", and that neither the State nor Authority shall be obligated to pay the same or the interest thereon except from revenues dedicated by the Legislature.

The Act provides in 70 O.S.1971, § 23–110:

"The principal and interest necessary to retire any bonds issued by the Authority shall be paid out of the 'Oklahoma Educational Television Bond Sinking Fund' hereinafter established by Section 23–111 of this article."

The Act, in § 23–111, supra, creates a Sinking Fund in the State Treasury and directs the State Treasurer to transfer into the Oklahoma Educational Television Bond Sinking Fund all revenues accruing to the Public Building Fund, to be used solely for the purpose of retiring bonds issued by the Authority.

The present action is brought pursuant to 70 O.S.1971, § 23–120, which gives this Court exclusive original jurisdiction to hear and determine the validity of any proposed bond issue upon the Authority's filing an application for the approval thereof.

The pertinent facts are as hereinafter related. The Authority enacted a Resolution September 24, 1976, authorizing the issuance of a $360,000 Oklahoma Educational Television Authority Revenue Bond, the proceeds from the sale of which will be used for the purpose of paying the cost of educational television facilities to serve the Southeastern portion of the State and toward an ultimate goal of making educa-

tional television services available to all Oklahoma citizens on a coordinated state-wide basis.

Apparently, the United States Department of Health, Education and Welfare has grant moneys available in the amount of $450,000 for the purpose of extending educational television services subject to the State's providing matching funds; in this case the State must generate the sum of $360,000 in order to obtain the federal moneys, and under 70 O.S.1971, § 23-106(16), the Authority is authorized to accept from any federal agency grants for or in aid of the construction and operation of any project.

The problem is that the Authority has the necessary matching money for this project in its Sinking Fund, but money from the Sinking Fund can only be used to retire bonds. Therefore, in order to satisfy that requirement a bond is to be sold and paid off all in the same transaction.

It appears the Authority has sold the bond, following proper notification of public sale, to the First National Bank and Trust Company of Oklahoma City, hereinafter referred to as "Bank", subject to approval by this Court. An agreement has been made that the Bank will purchase from Authority the bond for the sum of $360,000 to bear no interest, and simultaneously with the receipt by the Authority and State Treasurer of Oklahoma of the said sum of $360,000, paid by the Bank in full payment for the bond, the Bank shall receive from the State Treasurer of Oklahoma a good and valid check in the sum of $360,000 in full payment of the bond purchased by Bank, which by the terms thereof is due and payable on the same date. In essence, this transaction is an exchange of checks.

The Authority has pledged sufficient revenues which have accrued to the Public Building Fund and which have been transferred to the Oklahoma Educational Television Bond Sinking Fund as provided in 70 O.S.1971, §§ 23-110-112, for the immediate retirement of said bond. The Sinking Fund can only be used to retire bonds. Here such bonds must be retired in order to provide funds for construction.

A hearing on this Application was held by this Court on November 30, 1976, following notice, published in a newspaper of general circulation in the State, that all persons interested may file protests against the issuance of the bond and be present at the hearing, as provided in 70 O.S.1971, § 23-120. No protestant appeared to contest the legality of the issuance of this $360,000 bond.

In support of its Application, Authority cites the case of *Application of Oklahoma Educational Television Authority*, 272 P.2d 1027 (Okl.1954), in which Authority applied to this Court for approval of a $1,450,000 revenue bond issue payable over a term of years from moneys to be accrued over the years in the Public Building Fund. This Court said in the syllabus:

"The Educational Television Act, House Bill 1033, Session Laws 1953, p. 551, 70 Okl.St.Ann. §§ 2141-2165, in so far as it authorizes the creation of a debt against the Public Building Fund of Oklahoma, or against the receipts and revenues to accrue to said fund, violates Section 23 of Art. 10 of the Constitution of Oklahoma as amended in 1941, and to that extent said Act is unconstitutional and invalid."

In the Supplemental Opinion on Petition for Rehearing this Court held:

"It was not intended by the majority opinion to restrict the Authority from issuing bonds payable from funds now on hand, . . ."

Subsequent to the aforesaid Opinion, the Authority issued during 1955 and 1956 a number of revenue bonds payable from money already accrued to the Public Building Fund and transferred to the Oklahoma Educational Television Bond Sinking Fund, all of which were paid within the then current fiscal year. The proceeds of the revenue bonds were utilized in developing educational television facilities com-

monly known as Channel 13 in the Oklahoma City area and Channel 11 in the Tulsa area.

Because the Authority has not issued bonds during the past twenty years and the Authority members have completely changed and for the protection of the Authority and the purchaser of the bond (Bank), Authority has filed the present Application seeking this Court's approval of the issuance of a $360,000 bond and a determination that such bond when issued will constitute a valid obligation in accordance with its terms.

The present law, 70 O.S.1971, §§ 23–101 et seq., is a recodification of the law as originally drafted insofar as it authorizes the issuance of revenue bonds by the Authority. The major alteration in 1971 was the raising of the interest rate from four per cent, as set forth in 70 O.S.1961, § 2149, to ten per cent, in 70 O.S.1971, § 23–109, but in all other respects the law is the same as when this Court decided the 1954 case. The provisions contained in 70 O.S.1971, §§ 23–110 and 23–111, authorizing the creation of the Oklahoma Educational Television Bond Sinking Fund and directing transfers of funds, not otherwise appropriated as of the date of the law, from the Public Building Fund, are identical to the sections considered by this Court in 1954.

Article 10, Section 23, of the Oklahoma Constitution provides in part:

"* * * Any department, institution or agency of the state operating on revenues derived from any law or laws which allocate the revenues thereof to such department, institution or agency shall not incur obligations in excess of the unencumbered balance of cash on hand. * * *"

Therefore, the Oklahoma Constitution does not prohibit the use of funds on hand by a State agency.

It is not necessary to reaffirm the language in the Supplemental Opinion in question which authorizes issuing bonds payable from funds accruing in the Public Building Fund. We limit our holding here to the facts of this case which relates to money on hand.

For the reasons stated, we hold the proposed bond issue is not violative of the Oklahoma Constitution and is within the statutory authority granted to the Oklahoma Educational Television Authority. The Application of the Authority for the approval of a bond in the sum of $360,000 is granted.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, LAVENDER and SIMMS, JJ., concur.

DOOLIN, J., dissents.